IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ISLAMIC CENTER OF NASHVILLE )
)
v. ) NO. 3-16-2498
) JUDGE TRAUGER
STATE OF TENNESSEE, et al. )

MEMORANDUM

Pending before the court is a Motion to Dismiss (Docket No. 12), filed by Defendants State of Tennessee and the Tennessee State Board of Equalization. For the reasons stated herein, Defendants' Motion is GRANTED, and this action is DISMISSED.

FACTS

Plaintiff Islamic Center of Nashville ("ICN") filed this action against the State of Tennessee, the Tennessee State Board of Equalization, and Charlie Caldwell, alleged to be the Metropolitan Trustee in Nashville, Tennessee.[1] Plaintiff alleges that it has, since 1995, run a religious school in Nashville, called the Nashville International Academy ("NIA"), on property owned by ICN and leased by NIA. Plaintiff's Complaint avers that both ICN and NIA are independently operating, yet overlapping, 501(c)(3) organizations.

Plaintiff asserts that the Tennessee State Board of Equalization ("TSBE") granted limited land use property tax exemptions to ICN as a religious entity in 1996, pursuant to Tenn. Code Ann. § 67-5-212(a), which provides an exemption from property taxation for real property owned by any religious or nonprofit educational institution that is occupied and actually used by the institution (or another exempt institution) purely and exclusively for an exempt purpose.

---

[1] It does not appear that Mr. Caldwell has been served with process in this matter.

In 2008, ICN borrowed money to fund construction of a new building for educational purposes on the subject property. Because the Islamic faith prohibits the payment of interest, Plaintiff used a vehicle called an *Ijara* Agreement to borrow this money from a subsidiary of Devon Bank. Under the *Ijara* Agreement, an entity controlled by Devon Bank received legal transfer of title of the property until the payments were complete.

Plaintiff states that payments under the *Ijara* Agreement were complete in October 2013, and ICN regained the unencumbered title to the property at issue. Plaintiff applied for a property tax exemption regarding the new building in February of 2014 and sought retroactive application of the exemption for the time period during which title was held by Devon Bank.[2] Plaintiff was denied retroactive application of the exemption but granted the exemption going forward from October of 2013. Plaintiff appealed that decision to an Administrative Law Judge, who upheld denial of the retroactive application. Plaintiff again appealed, this time to the Tennessee Assessment Appeals Commission, which held that it was unable to ignore the legal transfer of title and found against ICN.

Here, Plaintiff seeks redress for the alleged disparate impact of the application of the tax laws that caused Plaintiff to suffer harm as a result of compliance with its sincerely held religious beliefs concerning payment of interest. Plaintiff alleges causes of action under (1) the Religious Freedom and Restoration Act ("RFRA") and its Tennessee counterpart; (2) the Religious Land Use and Institutionalized Persons Act ("RLUIPA"); (3) the Elementary and Secondary Education Act of 1965 ("ESEA"); and (4) the Establishment Clause of the First Amendment. Plaintiff seeks money

---

[2] There is no dispute that during the time in question, ICN and NIA continued to operate the school, which continued to be for legitimate religious and educational purposes.

damages, and injunctive and declaratory relief. Defendants State of Tennessee and TSBE have moved to dismiss Plaintiff's Complaint on several grounds.

## MOTIONS TO DISMISS

For purposes of a motion to dismiss, the court must take all of the factual allegations in the complaint as true. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Id*. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id*. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Id*. at 1950. A legal conclusion couched as a factual allegation need not be accepted as true on a motion to dismiss, nor are recitations of the elements of a cause of action sufficient. *Fritz v. Charter Township of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010).

## TAX INJUNCTION ACT

Defendants first argue that this action is barred by the Tax Injunction Act, which provides: "The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." 28 U.S.C. § 1341. Because this is a threshold issue concerning the court's jurisdiction, the court addresses it first.

The Tax Injunction Act has its roots in equity practice, in principles of federalism, and in recognition of the imperative need of a State to administer its own fiscal operations. *Colonial*

3

*Pipeline Co. v. Morgan*, 474 F.3d 211, 217-18 (6th Cir. 2007). A federal district court is under an equitable duty to refrain from interfering with a State's collection of its revenue except in cases where an asserted federal right might otherwise be lost. *Id*. at 218. Because the Tax Injunction Act drastically limits federal district court jurisdiction to interfere with so important a local concern as the collection of taxes, a district court does not have jurisdiction over state and local tax matters where a plain, speedy and efficient remedy is available in state court.[3] *Id*. The Supreme Court has interpreted and applied the Tax Injunction Act only in cases in which state taxpayers seek federal court orders enabling them to avoid paying state taxes. *Hibbs v. Winn*, 542 U.S. 88, 107 (2004).[4]

Plaintiff here seeks to avoid paying state taxes for the time period during which title to this property was held by Devon Bank. Plaintiff challenges the Defendants' determination that Plaintiff is not exempt from taxes for this time period.

Plaintiff argues that the state remedy in this case was not adequate to address the concerns raised by Plaintiff and that further state court review would not be fruitful. Neither of these criticisms of the state procedures is alleged in Plaintiff's Complaint. A state court remedy is "plain, speedy and efficient" if it provides the taxpayer with a full hearing and judicial determination at which she may raise any and all constitutional objections to the tax, with ultimate review available in the U.S. Supreme Court. *Hibbs*, 542 U.S. at 108; *Colonial Pipeline*, 474 F.3d at 218.

---

[3] Application of the Tax Injunction Act is not discretionary; rather, the Act creates a non-waivable jurisdictional bar that absolutely precludes federal courts from assessing the validity of state or local taxation schemes. *Reybold Venture Group, XI-A LLC, v. Delaware Dept. of Educ.*, 947 F.Supp.2d 430, 435 (D. Del. 2013); *Reed v. Dorchester County*, 2014 WL 3799433 at * 2 (D. S.C. July 8, 2014).

[4] In *Hibbs*, the taxpayer sought prospective relief only, not retroactive application of the law to avoid taxes.

The Sixth Circuit Court of Appeals has found that the plain, speedy and efficient remedy contemplated by the Tax Injunction Act merely requires that the state provide certain minimal procedural protections against illegal tax collection. State procedures that call for an appeal to a state court from an administrative decision meet these minimal criteria. *Colonial Pipeline*, 474 F.3d at 218. [5] The Sixth Circuit has specifically found Tennessee's procedures to provide a plain, speedy and efficient remedy. *Id*. at 219; *see also Chattanooga Gas Co. v. City of Chattanooga*, 2007 WL 1387505 at * 7-8 (E.D. Tenn. May 7, 2007) and *Wilson v. Bredesen*, 2004 WL 2203552 at ** 2 (6th Cir. Sept. 17, 2004). In *Wilson*, the court stated:

> Tennessee, to start with, gives taxpayers an opportunity for a full hearing at which they may raise constitutional objections to tax statutes. They may appeal a local assessment through agency proceedings in a county board of equalization or in the State Board of Equalization. From there, if still dissatisfied, they may seek judicial review of a final decision in state court. This judicial review (in the trial court and in the appellate courts) covers both "the resolved issues and [] those issues that the agency refused or was without authority to consider," including questions of "the constitutionality of a statute regardless of whether [they were] raised at the agency level."

*Wilson* at ** 2 (citations omitted).

Tennessee law provides that an action of the State Board of Equalization is subject to judicial review, which "*shall* consist of a new hearing in the chancery court based upon the administrative record and any additional or supplemental evidence which either party wishes to adduce relevant to any issue." Tenn. Code Ann. § 67-5-1511 (emphasis added). Plaintiff did not seek judicial review of the decision in chancery court. Plaintiff could have appealed the Board's final decision to the

---

[5] The state remedy need not be the best of all possible remedies, and the likelihood of the plaintiff's success in the state court is not a factor to be considered when determining whether the jurisdiction prohibition of the Tax Injunction Act applies. *Colonial Pipeline*, 474 F.3d at 218.

chancery court of Davidson County, then to the Tennessee Court of Appeals, and ultimately to the Tennessee Supreme Court or to the U.S. Supreme Court, if federal constitutional issues are involved.[6] *Colonial Pipeline*, 474 F.3d at 219 (citing Tenn. Code Ann. § 4-5-322(b)). The U.S. Supreme Court has held that taxpayers are barred from asserting Section 1983 actions against the validity of state tax systems in federal court, unless there is no plain, adequate and complete state remedy. *Bright v. Board of Equalization*, 2016 WL692842 at * 2 (E.D. Tenn. Feb. 1, 2016) (citing *Fair Assessment in Real Estate Ass'n., Inc. v. McNary*, 454 U.S. 100, 116 (1981)); *Reybold*, 947 F.Supp.2d at 435.

## CONCLUSION

For these reasons, the court finds that the Tax Injunction Act bars Plaintiff's action in this court. Under 28 U.S.C. § 1341, this court has no subject matter jurisdiction to hear this case. Therefore, Defendants' Motion to Dismiss (Docket No. 12) is GRANTED, and this action is DISMISSED.

IT IS SO ORDERED.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE

---

[6] The Board's limited authority to decide constitutional issues does not establish that the State fails to provide a plain, speedy and efficient remedy for tax challenges. *Colonial Pipeline*, 474 F.3d at 219. Since state courts are able to address constitutional challenges regardless of whether the claims may be characterized as "facial" or "as applied," Plaintiff has a state forum for raising constitutional claims. *Id.; see also Bright v. The Board of Equalization*, 2016 WL 692842 (E.D. Tenn. Feb. 1, 2016).